UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Mr. Alford Rogers**, ) | C/A: 4:09-cv-1939-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Colin McKinnon, President Barack Obama, President George ) | |
| W. Bush, Clarence Thomas, Ruth Bader Ginsburg, Jesse ) | |
| Jackson, Christine Szuflita, Alice Blue, Larry Donnell ) | |
| Grimes-White, President William Clinton, Hillary R. Clinton ) | |
| and Lawrence Eiettienna, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Alford Rogers (Plaintiff) files this civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915. As the allegations in the Complaint are fanciful, delusional, and frivolous, this case is subject to summary dismissal.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can

be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, this *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff complains that Defendant Whitney Houston, as well as many other artist who are not named as defendants, have stolen his songs. Plaintiff reports that he is "Double-O-Seven and licensed to kill," (Complaint at 3), and that he co-invented the disposable lighter and disposable

2

razor with Defendant Lawrence Eiettienna, who owes him 50% of the profits. Additionally, Plaintiff claims that he is owed trust funds by the Central Intelligence Agency (CIA) for his designs of the space shuttle, fifteen fighter jets, and the Concorde, and that the Drug Enforcement Administration owes him back pay for the dangerous assignments he allegedly completed. Plaintiff seeks monetary damages and seeks criminal indictments against Defendants.

The Complaint is subject to summary dismissal because the claims therein are frivolous under 28 U.S.C. 1915(e)(2)(b)(i). The Court may dismiss a "factually frivolous" claim under § 1915(e) if the facts alleged are " 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez* at 32-33 (internal citations omitted). In making this determination, a court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.* at 25.

Indeed, Plaintiff's claims are wholly incredible. Leaving aside the question of whether an agent could serve simultaneously as a "007" for Great Britain in Her Majesty's Secret Intelligence Service and the United States' CIA, the Court's credulity cannot extend to the proposition that Plaintiff was able to find time to invent the disposable razor on top of a demanding schedule of song writing and space shuttle design. These clearly baseless facts render the Complaint subject to summary dismissal.

Even if the allegations in the Complaint were not clearly delusional, Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); see

3

*Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(applying *Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice").

Further, in the absence of allegations that protective services such as criminal investigations and charges are being withheld solely for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under 42 U.S.C. § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g., McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection only upon proof that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection").

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. The Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a

4

private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See Leeke* at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973).

<u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
U.S. Magistrate Judge

August 21, 2009
Florence, SC

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).